# Nease & Co.'s Appeal.

That species of water craft known upon the western rivers of our State as "barges" are neither ships, boats, nor vessels within the meaning of the acts of 13th April, 1836, and of 20th April, 1858, relating to attachment of vessels; and are not subject to liens for work or materials furnished in their construction or repair.

APPEAL from the District Court of *Alleghany County*.

In this case twenty-one barges were levied on, on a *fi. fa.* in No. 35, April Term, 1861, of the District Court. After the levy, libels were filed by Nease & Co., and others, and the barges attached for work and materials furnished in their construction. They were then sold on the *fi. fa.*, and the question of distribution of the proceeds of sale referred to an auditor.

The auditor reports:—

The main question in this case is, whether such barges or boats as were sold on this execution are the proper subjects of attachments under the statute laws of this commonwealth, or are included or made so by the act of assembly of the 20th April, 1858. Pamphlet Laws of 1858, page 362 *et seq.*

The term "barge" is applied to vessels or water-craft of several different kinds; as to a pleasure-boat propelled with oars; to a flat-bottomed boat used at sea-ports to load and unload ships; to lighters employed in receiving a part of the cargo of steamers when passing sand-bars or shallow water; to flat-bottomed box-shaped boats of large capacity, employed in

floating coal down our rivers, some of them carrying ten or fifteen or more thousand bushels, and propelled by the current; and to a kind of boat somewhat hull-shaped, and stronger than the last above named, capable of holding several thousand bushels of coal, and propelled by steamboats or tugs, to which they are attached whenever used. The latter is the class to which those belong that were sold in this case. It is not certain that this question has yet been decided by our courts. With reference to this class of barges, I find that in the case of *I. & A. Patterson* v. *Blackstock et al.*, in No. 882, of November term, 1854, of the District Court of Alleghany County, a "barge" was attached, and rule taken to show cause why attachment should not be dissolved: 1. For want of jurisdiction; and, 2. That such a boat was not a proper subject of attachment under the act of 13th June, 1836. The rule was made absolute; and, it is to be inferred, it was for the second reason. Whether it was a barge of the shape of those in this case, or a flat-bottomed box-shaped one, does not appear; but, from the amount of stipulation asked, it would seem to be of the same form or class as those in this case. Throughout the case it is called a "barge."

This was before the act of 1858; but I am not aware that the last-named act extends the remedy in that respect, *i. e.*, as to the kind of vessels that may be attached; though it does as to the number and classes of parties who may employ it to secure their claims.

In 2 Grant's Cases, 521, *Parkinson* v. *Manny*, decided by Judge Hepburn, in our District Court, two "coal-boats" were attached; a motion was made to dissolve the attachment. They were the flat-bottomed box-shaped kind. The attachment was dissolved; the judge deciding that such boats were not subject to attachment; they not being of a permanent character; not designed for repeated voyages; not being named, and not having a master or captain, as the language of the act contemplated.

This was under the act of 1836. The act of 1858 speaks also of a master, a clerk, of a vessel to be furnished and equipped; and of a vessel in the name of which notes may be given by master, agent, or clerk.

Now, a barge of the class in this case has no master or clerk. It has no name, unless its number be called such; and I am not aware that it has any furnishing or equipment.

In 3 American Law Register, page 39, in the case of *Jones* v. *The Cincinnati Coal Company*, Judge GRIER decides that coal-barges are not ships or vessels, in the maritime sense of the term. In this case they are called barges; and the language of the judge shows that they were the flat-bottomed

box-shaped boats that are propelled by the current, and make but one voyage. He decides that they are not subject to attachment under maritime law.

In *Hipple* v. *Fashion* (ANTE, p. 40), Justice COULTER decides that a *canal* boat may be libelled and attached, under the act of 1826. It could be equally so under the act of 1858.

The counsel for the attaching creditors rely very much on this canal boat case, and contend that the barges of the class they have attached should be deemed equally attachable as a canal boat; that such barges are of a permanent nature, and designed for repeated voyages; and are, like the canal boat, propelled by a power not within the boat itself.

But there are distinctions between them, which Judge Hepburn deemed of importance in interpreting our acts of assembly. A canal boat has a name, a master, a rudder, a pilot, a crew, a furnishing and equipment, and a general employment in transportation and commerce, both in passengers and freight. The horses that propel it, with the harness and rope, may be called a part of its equipment, belonging to the individual boat, and thus making it a complete and independent agency in commerce, of itself.

Such are not the facts in regard to the barge. In fact, in several of these particulars, the common box-shaped coal boat comes nearer to the canal boat than the barge employed in the coal trade.

The common coal boat has a pilot, who is master, and his oar a rudder. It has frequently a cabin; and it has a crew, with their provisions or supplies. It borrows no propelling power, except from nature, being driven by the currents of water, as the sailing vessel is by the currents of air. The barge, as commonly used, is entirely propelled by the steamboat to which it is attached for the voyage.

Neither the barge nor the coal boat is registered or subject to the inspection laws. The essential differences between them are the somewhat hull-shaped construction of the barge, and its greater strength, thus costing about one-third more. These two circumstances alone give it its increased permanence, by enabling it more easily and safely to be towed by the steamtug against the current, and so securing repeated voyages. But the barge is not an independent vehicle of commerce; that is, the barge of this case or class.

There is another species of water craft, resembling the barge in shape, and also in the manner of using it, and in its design for repeated voyages. It is the common *flat-boat*, which lasts perhaps longer than the barge, while costing half as much as the coal-boat.

If the barge is the subject of this special lien, and proceedings

[Weyand v. Crichfield.]

*in rem*, why not the "flat boat?" And then come the scow, the wherry, the yawl, and the skiff.

If the application of the act is to be restricted at all, where shall the dividing line be? The canal boat is the lowest species of water craft to which it has yet been applied by a court. The coal-boat has been excluded from its operation. From the above considerations, it seems that the barge of this case must be classed with the coal boat rather than with the canal-boat. Though rather hard for the attaching creditors in this case, the auditor is compelled to the conclusion that these barges were not subject to attachment under our acts of assembly, and that the proceeds of their sale must be applied, except as follows, to the writ on which they were sold.

To charge for care of boats and wharfage, and expenses of audit, $183 58½. The balance to the writ.

                                        GEO. F. GILLMORE,
                                                *Auditor.*

To this report exceptions were filed, which the District Court overruled, and confirmed the report, and this appeal was taken to the Supreme Court.

*G. P. Hamilton* and *T. B. Hamilton*, for appellants.

*C. B. M. Smith* and *Wm. M. Shinn*, for appellees.

The opinion of the court was delivered at Pittsburg, Nov. 1861, by

WOODWARD, J.—The point of this case is that that species of water craft usually known upon the western rivers of our State as barges are neither ships, boats, nor vessels within the meaning of the act of 13th June, 1836, or of the act of 20th April, 1858, and consequently not subject to liens for work or materials furnished in their construction or repair. And this point is so well argued by the auditor, and so clearly proved by the authorities cited by the counsel, that nothing is left for us to do more than to affirm the decree of the District Court.

                                        Decree affirmed.